# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:11cv155-V-2
# (5:09cr49-6-V)

| | |
|---|---|
| QUINN ALLEN BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed October 21, 2011. (Doc. No. 1). No response is necessary from the Government.

## I. PROCEDURAL HISTORY

Pertinent here, on January 13, 2010, Petitioner appeared before the Court pursuant to a written Plea Agreement with the Government and pled guilty to a charge of conspiracy to distribute and to possess with intent to distribute in excess of 500 grams but less than five kilograms of powder cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. (Criminal Case No. 5:09cr49-6, Doc. No. 98). Among other matters, Petitioner's Plea Agreement stipulated that the Information that the Government filed pursuant to 21 U.S.C. § 851 listed a valid predicate felony conviction to which he had no defense, thereby making him subject to a statutory mandatory minimum term of 10 years imprisonment. (Id. at ). On August 25, 2010, the U.S. Probation Office prepared a Pre-Sentence Report stating, inter alia, that although there was no indication that Petitioner personally possessed or used a weapon in connection with his

drug trafficking activities, pursuant to the holding in Pinkerton v. United States, 328 U.S. 640 (1946), Petitioner "was accountable for possessing a firearm, as it was known that there were firearms possessed during this violent drug conspiracy . . . ." (Id., Doc. No. 204 at ¶ 10). Accordingly, the Report recommended a two-point increase in Petitioner's offense level pursuant to U.S. Sentencing Guidelines § 2D1.1(b)(1). (Id., at ¶ 18). Ultimately, the Report noted that notwithstanding that Petitioner's Guidelines advisory range was 97 to 121 months imprison-ment, he was subject to a minimum of 10 years' imprisonment by virtue of the applicability of the statutory mandatory minimum term. (Id. at ¶ 53).

On October 1, 2010, Petitioner filed a Sentencing Memorandum and Motion for Departure/Variance From the Guideline Range noting that the Government had decided to withdraw its § 851 Notice rather than to seek a downward departure on the basis of his substantial assistance. (Doc. No. 228). Petitioner's Memorandum further explained his extensive health problems that resulted from a catastrophic stroke that he suffered, provided additional information concerning his background, and argued for a downward variance to a 60-month sentence. (Id.).

On October 4, 2010, the Court held Petitioner's Factual Basis and Sentencing hearing. During the course of that proceeding, the Court adopted the revised Pre-Sentence Report but put additional findings on the record. ("Id., Doc. No. 234 at I(B)). In particular, the Court explained in part that it was going to vary downward "based significantly on the defendant's health as he has suffered a stroke and has a diminished physical health capacity from this and also for the defendant's service in the military." (Id., at VI(D)). The Court also concluded that the 60-month sentence was necessary "to provide the defendant with the needed . . . medical care, or other correctional treatment in the most effective manner." (Id. at VI(C)). At the conclusion of

2

that proceeding, the Court sentenced Petitioner -- below the 97 to 121-month advisory Guidelines range -- to the statutory 60-month term of imprisonment. (Id. at IX).

Petitioner did not appeal his conviction or sentence. Rather, on October 24, 2011, he filed the instant Motion to Vacate. (Doc. No. 1). Notably, however, Petitioner's Motion claims that he has been subjected to a miscarriage of justice because the Federal Bureau of Prisons ("BOP") has misinterpreted the Court's intention and has refused to give him a 12-month sentence reduction for his successful completion of a drug abuse program that otherwise would entitle him to such a reduction. (Doc. No. 1-1 at 5). Petitioner contends that the BOP's decision to deny him the sentence reduction was based on a finding that his Pre-Sentence Report demonstrates that his conviction involved the possession or employment of a weapon. (Id.). By way of relief, Petitioner asks the Court to "reimpose the identical term of imprisonment without a finding that the instant matter involved the possession of a weapon in connection with the offense." (Doc. No. 1 at 13).

## II. STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or otherwise is subject to collateral attack. 28 U.S.C. § 2255. However,

> [i]f it plainly appears from the face of the motion, any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts. The Court has reviewed Petitioner's Motion and determined that he is not entitled to any relief.

3

## III. ANALYSIS

As an initial matter, the Court notes that Petitioner's complaints, at their core, seek to challenge matters that rest within the sole discretion and authority of the BOP. That is, Petitioner's complaints essentially challenge the BOP's decision not to award him a sentence reduction for his completion of a Residential Drug Abuse Program ("RDAP").

A prisoner in federal custody may attack his conviction and sentence on the ground that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. However, § 2255 does not embrace all possible challenges to federal custody. A challenge to the execution of a federal sentence, as opposed to its legality, must be brought pursuant to 28 U.S.C. § 2241, not § 2255. United States v. Miller, 871 F.2d 488,490 n. 3 (4th Cir.1989). A claim for credits against a sentence attacks the computation and execution of the sentence rather than the legality thereof and thus, must be brought in the district of confinement. Id.; Rumsfeld v. Padilla, 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) (claim which challenges present physical confinement must be filed in the district of confinement); United States v. Johnson, 317 F. App'x. 336, 337 n. 2 (4th Cir.2009) (citing Miller ).

Inasmuch as Petitioner is seeking to challenge a decision concerning whether or not he is eligible for a RDAP reduction, he is attempting to challenge the execution and duration of his sentence as opposed to its legality. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3rd Cir. 2005) (challenge to execution of sentence must be brought by habeas instead of motion to vacate). When a prisoner attacks the manner in which his sentence is being carried out or the prison authorities' calculation of its duration, the procedural mechanism which must be used is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed in the district of

4

confinement.  Miller, 871 F.2d at 490 n. 3.  Because the instant Motion to Vacate reflects that Petitioner currently is confined at the Federal Correctional Institution-Beckley in the United States District Court for the District of West Virginia, Petitioner must file a § 2241 Petition in that district.

Moreover, it has not escaped the Court's attention that Petitioner unsuccessfully challenged the two-level firearm increase at sentencing, and he has not identified any new bases to challenge that matter.  Furthermore, Petitioner did not file an appeal in order to seek further review of the Court's determination.  Therefore, to the extent that Petitioner may also be seeking to challenge the imposition of the subject increase, that claim is procedurally defaulted. Nor is Petitioner's conclusory contention that the BOP's determination is a "miscarriage of justice" a sufficient basis to excuse his procedural default of such a claim.  Consequently, any challenge to the imposition of the two-level firearm increase would be subject to summary dismissal on the basis of Petitioner's procedural default.  See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) ("[i]n order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains[,] or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack"); see also Bousley v. United States, 523 U.S. 614, 621 (1998) (failure to challenge matter on direct appeal, absent certain compelling circumstances, bars collateral review of same).

## IV.  CONCLUSION

Petitioner's attempt to challenge the BOP's determination that he is not eligible for a sentence reduction is not cognizable under § 2255.  Rather, any such claim must be brought

under § 2241 in the district of Petitioner's confinement. Therefore, the instant Motion to Vacate must be dismissed.

## V.  ORDER

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that Petitioner's challenge to the BOP's denial of RDAP credits is **DISMISSED without prejudice** to his right to re-file that challenge in a § 2241 proceeding in the district of his confinement**,** and his challenge to his two-level firearm enhancement is **DISMISSED** as procedurally defaulted without excuse**.**

**IT IS FURTHER ORDERED** that Petitioner has not made a substantial showing either that the Court's dispositive ruling is debatable or that his § 2255 motion states a debatable claim of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed. 542 (2000) (when relief is denied on procedural grounds, petitioner must establish both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).  Consequently, the Court declines to issue a certificate of appealability.  See Rule 11(a), Rules Governing Section 2255 Proceedings in the United States District Courts.

**IT IS SO ORDERED.**

Signed: November 30, 2011

Richard L. Voorhees
United States District Judge